**In re Anonymous No. 36 D.B. 88**

Disciplinary Board Docket no. 36 D.B. 88.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

WATSON CARSON, *Member,* August 17, 1994— Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

Petitioner was disbarred on consent by order of the Supreme Court dated May 16, 1988.

Petitioner filed a petition for reinstatement on August 3, 1993.

On August 4, 1993, the matter was referred to Hearing Committee [ ] consisting of [ ], Esquire, Chair, and Members [ ], Esquire, and [ ], Esquire.

The parties agreed to hearing and decision by a two member panel, due to the withdrawal of Member [ ].

A hearing on the petition was held on December 21, 1993.

On February 8, 1994 petitioner filed a brief with the Hearing Committee. Disciplinary Counsel filed a letter brief to the Hearing Committee on February 23, 1994.

The Hearing Committee filed its report on April 26, 1994. The Hearing Committee recommended granting reinstatement. Neither party filed exceptions to the Hearing Committee report.

The matter was adjudicated at the June 22, 1994 meeting of the board.

## II. FINDINGS OF FACT

(1) [Petitioner] was born in 1942. He was admitted to the practice of law in the Commonwealth of Pennsylvania in 1972.

(2) Petitioner pled guilty to one count of distribution of cocaine, in violation of 21 U.S.C. §841(a)(1) on January 26, 1988. He was sentenced to serve four months in federal detention and three years of federal probation. Petitioner has served the prison sentence, paid the fine, and successfully completed the probation. (Exh. P-2.)

(3) Prior to the guilty plea, petitioner admitted himself to [A], a detoxification and addiction rehabilitation center, for six weeks of in-patient treatment of his cross-addiction to cocaine and alcohol. (N.T. 49.)

(4) Petitioner's cross-addiction to alcohol and cocaine was a causal factor in petitioner's criminal behavior. (N.T. 107.)

(5) None of petitioner's criminal behavior, and none of his drinking, took place in petitioner's law office. (N.T. 165.)

(6) Petitioner cooperated with law enforcement authorities following his indictment. (N.T. 155-56.)

(7) Petitioner is both remorseful about his conduct and accepts responsibility for it. (N.T. 22, 154.)

(8) Petitioner regularly attends Alcoholics Anonymous at least twice a week. (N.T. 147.) Petitioner is also involved with the impaired attorneys program. (N.T. 147.)

(9) Petitioner has maintained his competency and learning in the law by working for several attorneys in a paralegal capacity by doing research and preparing pleadings. (N.T. 149.)

(10) Petitioner has attended several Pennsylvania Bar Institute seminars, including the Pennsylvania Legal Practice course. (N.T. 150.)

(11) The following persons testified for petitioner; [B], Esq., [C], Esq., [D], Esq., [E], Esq., [F], and [G]. All except [G] testified that the bar would not be harmed

by petitioner's readmission, and that petitioner would be an asset to the profession. (See *e.g.,* N.T. 8, 15, 38, 53.) ([G] was not asked for his opinion.)

## III. CONCLUSIONS OF LAW

(1) Petitioner has demonstrated that the conduct responsible for his disbarment was not so egregious as to bar consideration of his petition for reinstatement.

(2) Petitioner has demonstrated that he has undertaken a substantial period of meaningful rehabilitation.

(3) Petitioner has shown by clear and convincing evidence that he possesses the moral qualifications necessary for admission to the practice of law in Pennsylvania.

(4) Petitioner has shown by clear and convincing evidence that he possesses the competency and learning in the law necessary for admission to the practice of law in Pennsylvania.

(5) Petitioner has shown by clear and convincing evidence that his reinstatement will not be detrimental to the integrity and standing of the bar, nor harmful to the administration of justice, nor subversive of the public interest.

## IV. DISCUSSION

The first inquiry that the board must make when considering a petition for reinstatement is whether the "magnitude of the breach of trust would permit the resumption of practice without a detrimental effect upon 'the integrity and standing of the bar or the administration of justice nor subversive of the public interest.'" *Office of Disciplinary Counsel v. Keller,* 509 Pa. 573, 579, 506 A.2d 872, 875 (1986). This inquiry involves

an examination of the behavior resulting in the disbarment.

In this case, petitioner pled guilty to one count of distribution of cocaine, in violation of 21 U.S.C. §841(a)(1). There is uncontradicted testimony that this count covered the recreational sharing of cocaine at parties held and attended by petitioner, without petitioner intending any pecuniary gain from his actions. (N.T. 143-44.)

Petitioner presented credible testimony that his criminal behavior was caused by his cross-addiction to alcohol and cocaine. (N.T. 107.) As the Pennsylvania Supreme Court noted in *Office of Disciplinary Counsel v. Braun,* 520 Pa. 157, 553 A.2d 894 (1989) the presence of a diagnosed condition as a causal factor in behavior warranting discipline is a mitigating factor. (*Braun, supra* at 160, 553 A.2d at 895.)

Another consideration in this case is that none of petitioner's criminal conduct occurred in his law office, nor did he drink while in his office or in court. (N.T. 165.) Further, [E], Esquire testified that although petitioner was clearly impaired by his addictions during the last years of his practice, petitioner did transfer cases he could not handle to other attorneys. (N.T. 60.) Thus, it does not appear that any of petitioner's clients were harmed by his substance abuse.

With this factual setting in mind, petitioner's situation can be profitably contrasted with other disciplinary cases involving criminal activity by attorneys. The Supreme Court in the recent case, *In re Anonymous, Nos. 78 D.B. 88 and 106 D.B. 88,* 18 D.&C.4th 256 (1991), accepted the board determination that an attorney's conviction for income tax evasion, avoiding prosecution, and conspiracy to defraud the United States warranted a five-year suspension and not disbarment. The board

noted that the respondent in that case had not harmed clients by his actions. *Id.* at 264.

In several other cases, the Supreme Court granted reinstatement even where the misconduct occurred during the course of the attorney's duties: *In re Anonymous No. 32 D.B. 83,* 14 D.&C.4th 136 (1991) (attorney convicted of theft by failure to make required disposition of funds for conversion of monies to pay client medical bills, cross-addiction noted in mitigation); *In re Anonymous No. 26 D.B. 81,* 7 D.&C.4th 260 (1990) (attorney laundered money, bribed public officials, committed perjury); *In re Anonymous No. 18 D.B. 78,* 49 D.&C.3d 298 (1988) (attorney convicted of filing false reports to a federal agency, making fraudulent land sales, and committing mail fraud). Petitioner's conduct is less egregious than these examples, and the board therefore finds petitioner has satisfied the first prong of the *Keller* threshold.

The second part of the inquiry under *Keller* is whether petitioner's activities show significant rehabilitation during a period of sufficient length to guarantee the meaningfulness of the rehabilitation. *Keller, supra* at 578-79, 506 A.2d at 874-75. Petitioner has been disbarred since May 16, 1988, a period of over six years. Petitioner has not engaged in addictive behavior for longer than that; his discharge from [A] occurring in September 1987. (Exh. P-1.)

Petitioner's commitment to his own recovery began with a voluntary admission to a detoxification and rehabilitation center, [A]. (N.T. 49.) Petitioner complied completely with the aftercare program prescriptions, which included weekly meetings at the center and almost daily attendance at Alcoholics Anonymous meetings. (N.T. 145.) Petitioner's commitment is shown by his attendance at such meetings in prison despite the scorn of the other prisoners. (N.T. 147.)

During this period, petitioner has abstained completely from the substances which were a cause of the criminal behavior. (N.T. 8, 23.) Furthermore, he is active in Alcoholics Anonymous and the impaired attorneys program. (N.T. 147.) In light of the evidence before it, the board concludes that petitioner has met the threshold established by *Keller.*

The next question the board must make is whether the petitioner has met the requirements of Rule 218(c)(3)(i), Pa.R.D.E. The rule provides:

"A disbarred or suspended attorney shall have the burden of demonstrating by clear and convincing evidence that such person has the moral qualifications, competency and learning in law required for admission to practice law in this Commonwealth and that the resumption of the practice of law within the Commonwealth by such person will be neither detrimental to integrity and standing of the bar or the administration of justice nor subversive of the public interest." Rule 218(c)(3)(i), Pa.R.D.E.

Petitioner met this burden through the testimony of several attorneys and lay witnesses. Attorney [C] testified that petitioner has been very candid and remorseful about his addiction and subsequent conviction. (N.T. 22.) Attorney [D] testified, based on his personal knowledge of petitioner, that petitioner possesses the moral qualities of honesty and industry. (N.T. 38.) Attorney [E] also testified that even while addicted, [petitioner] took care of his clients. (N.T. 60.) Similar testimony by respected members of the bar has been considered in past cases to meet the burden of moral qualification. *In re Anonymous No. 32 D.B. 83, supra* at 145 (citing cases). Therefore the board finds that petitioner has met the burden of showing moral qualification.

Attorney [C] testified that he had employed petitioner on several occasions to perform research and the like, and found petitioner to be very helpful and competent. (N.T. 19.) Petitioner testified that several attorneys had employed him to perform paralegal duties in several areas of law, including business and contract, real estate, construction, personal injury, domestic relations, and criminal law. (N.T. 149, 150.) In addition, petitioner testified that he attended several Pennsylvania Bar Institute seminars, including the Pennsylvania Legal Practice course. (N.T. 150.) The evidence supports a finding that petitioner has the competency and learning in the law necessary for admission to practice law in Pennsylvania.

All the attorneys testifying said that the bar would not be hurt by petitioner's reinstatement. (See *e.g.*, N.T. 8, 28, 53.) [F], petitioner's sponsor in Alcoholics Anonymous, and a businessperson, testified that more members of the public would favor petitioner's reinstatement than would oppose it. (N.T. 77.) Attorney [E] testified that petitioner's reinstatement would enhance the bar's reputation, and encourage impaired attorneys to seek help with addiction. (N.T. 52, 53.)

Petitioner's own testimony bolsters the conclusion that he has taken full responsibility for his wrongdoing, and is unlikely to repeat it. He acknowledged the illegality of the conduct, (N.T. 154), and after indictment fully cooperated with law enforcement officials. (N.T. 155-56.) The fact that petitioner was disbarred on consent (reinstatement petition exh. A) is also an acknowledgment of responsibility for his actions. The evidence shows that petitioner has character traits which support both a finding of the moral qualifications necessary for readmission, and a finding that petitioner is unlikely to be a threat to the legal profession, the justice system, or the public.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends that petitioner, [   ] be reinstated to the practice of law.

It is further recommended that the court direct that petitioner pay all of the necessary expenses incurred in the investigation and processing of this matter pursuant to Rule 218(e), Pa.R.D.E.

Mr. Kerns, Ms. Lieber, and Ms. McGivern did not participate in the adjudication of this matter.

### ORDER

And now, September 13, 1994, upon consideration of the report and recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania dated August 17, 1994, the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.

Mr. Justice Frank J. Montemuro is sitting by designation as Senior Justice pursuant to Judicial Assignment Docket no. 94 R1801, due to the unavailability of Mr. Justice Rolf Larsen, see no. 127 Judicial Administration Docket no. 1, filed October 28, 1993.